JOSEPH TRINER COMPANY, Respondent, v. SHANKS et al (PAYNE et al, Appellants.)

(180 N. W. 955.)

(File No. 4713.   Opinion filed January 15, 1921.)

1.  **Intoxicating Liquors—"Triner's American Elixir of Bitter Wine," Containing Alcohol, And Not Incapable of Use as Beverage, Whether Intoxicant Under Statute.**

   A complaint by proprietors of "Triner's American Elixir of Bitter Wine," which among other things alleges that said medicine contains "no more alcohol than is necessary for the extraction and preservation of the medicinal ingredients contained therein," and that it is "unsuitable for use as a beverage," in effect concedes that the medicine contains alcohol, and, it not alleging it is incapable of being used as a beverage, therefore held, that same is within the definition of an intoxicating liquor, within Sec. 10237, Code 1919, providing that the term "intoxicating liquors," wherever used in said article, shall be construed to include "whiskey, alcohol, * * and all distilled, spirituous, * * liquors, and every other liquid, liquid mixture, or compound containing alcohol, which mixture or compound is capable of being used as a beverage, whether or not the same is proprietory, medicated or patented."

2.  **Injunctions—Enjoining Criminal Prosecutions Against Proprietors of Proprietary Medicine Containing Alcohol—Incomputable Damages Resulting—Medicine "Unsuitable For Use As Beverage," "Capable of Use As Beverage," Statute Construed—Sale of "Triner's Elixir," Unauthorized Prosecution By State Sheriff Re—Whether Officers May Prosecute, Immaterial Question.**

   A complaint by proprietors of registered proprietary medicine known as "Triner's American Elixir of Bitter Wine," alleging that plaintiff is and for many years has been engaged in manufacturing and selling at wholesale said medicine throughout the United States, that there is a large demand therefor in this state, that it has large sums of money invested and will derive large profits from its sale therein, that the medicine is a bona fide medicinal preparation or compound "containing no more.

alcohol than is necessary for the extraction and preservation of the medicinal ingredients contained therein," and that it is "unsuitable for use as a beverage," that it contains valuable medicinal properties, that the state sheriff in excess of his authority and in violation of state laws has sent notice to state's attorneys, sheriffs and police officers of this state that sale of said medicine within the state is prohibited and will be prosecuted, and asking co-operation of said officers in enforcing the law, which notice he refuses to withdraw, etc., that unless restrained, etc., said other officers will co-operate with defendant state sheriff in unlawfully prosecuting persons selling said medicine, notwithstanding its sale "for such purpose is expressly permitted and authorized" by state law, that such threatened prosecutions, if not prevented by court process will cause multiplicity of proceedings and great injury and loss to plaintiff for which it would be extremely difficult to ascertain amount of compensation which would afford adequate relief, etc.,—states a cause of action for injunction against defendant officers. So held, construing Sec. 10328, Code 1919, providing that nothing in said article shall be construed or operate to prohibit or regulate * * sale or keeping for sale for other than beverage purposes of any bona fide medicines, etc., or similar compounds containing alcohol, provided that such medicines * * preparations or similar compounds are unsuitable for use as a beverage; that while the complaint shows said medicine to be an intoxicating liquor capable of being used as a beverage, yet, unless the Legislature intended the clause "unsuitable for use as a beverage" to mean the same as the negative of "capable of being used as a beverage" in Sec. 10327, it is excepted from the operation of the prohibition statute; but a thing may be unsuitable for use as a beverage, and still capable of such use, while if incapable it is certainly unsuitable for such use; therefore held, further, that the Legislature intended the word "un-. suitable" in Sec. 10328 to have its ordinary meaning, hence, while "Triner's Elixir" is an intoxicating liquor, still, where manufactured, imported, sold or kept for sale for other than beverage purposes, it is excepted from operation of said law, and the case is within Sec. 10328, and no question is presented as to how far and when public officers may be enjoined from prosecutions under said law.

3. **Intoxicating Liquors—Enjoining Sale of "Triner's Elixir"—Sale Concededly Lawful, Non-jurisdiction of State Sheriff to Prosecute—Purpose of Injunction Suit to Protect Property Rights, Not to Enjoin Prosecutions.**

It being admitted by demurrer to a complaint by proprietors of "Triner's Elixir," that the manufacture, sale or keeping for sale thereof is not an unlawful or criminal act under Secs.

34—Vol. 43, S. D.

10327-8, Code 1919, the state sheriff is without jurisdiction to institute prosecutions for such sale, and his acts in that direction would constitute a wrongful interference with and an irreparable injury to plaintiff's business. **Held,** further that the primary purpose of said action is not to enjoin criminal prosecutions, but is for protection of plaintiff's property rights from threatened irreparable injury through wrongful acts of public officers; the prevention of which injury by injunction is within well recognized jurisdiction of courts of equity.

McCoy, J., taking no part in the decision.

Whiting, J., concurring specially.

Appeal from circuit court, Beadle County. Hon. Alva E. Taylor, Judge.

Action by Joseph Triner Company, a corporation, against J. C. Shanks, as State Sheriff, and others, to enjoin the defendants from instituting criminal prosecutions against persons who may sell plaintiff's proprietary medicine. From an order overruling a demurrer to the complaint, defendants Byron S. Payne, as Attorney General, and Charles P. Warren, as States Attorney, appeal. Affirmed.

*Byron S Payne,* Attorney General, for Appellants.

*Haney & McCoy,* for Respondent.

(2) To point two of the opinion. Appellants cited, re injunction: Arbuckle v. Blackburn, 51 C. C. A. 122, 113 Fed. 616, 65 L. R. A. 864; Davis v. Society, 75 N. Y. 362; 14 R. C. L. 428; Attorney General's Report for 1918, page 335; and submitted that: Whatever may be the class of articles to which said Sec. 10328 applies, plaintiff has not brought itself within the scope of that section by the mere allegation that its preparation is "unsuitable for use as a beverage." Plaintiff does not intend to use the word "unsuitable" in the sense of "incapable" within the definition of intoxicating liquors, found in Sec. 10237. The question whether an article is capable or incapable of a certain use depends upon immutable natural laws: while whether it is suitable or unsuitable for a particular use depends upon the opinion and point of view of the particular person who may be deposing with regard to it.

Respondent cited, re injunction: State v. Dist. Court, 115 N. W. 675; 15 L. R. A. (N. S.) 331; Kessler v. Elred, 206 U. S. 285; Weyman v. Barton Co., 231 Fed. 898; International News

Service Co. v. Associated Press, 248 U. S. 236; Truax v. Raisch, L. R. A. 1916D 545; Hoffman Brewing Co. v. McElligott, 259 Fed. 321. Respondents submitted, re "beverage," that: "The use of liquor as a beverage does not mean simply that the same is to be drunk, but the word 'beverage' is used to distinguish the act of drinking liquor for the mere pleasure of drinking from its use for medicinal purposes." And cited: 7 C. J. page 1149, §69 (B). The evident intent of the legislature, in Sec. 10328, was to distinguish use of liquor for the mere pleasure of drinking from use of compounds containing alcohol for medicinal purposes.

POLLEY, J. This is an appeal from the circuit court in Beadle county. Plaintiff is a private corporation with its principal place of business in the state of Illinois. The defendant Shanks is the state sheriff, and is charged, among other duties, with the enforcement of the prohibition law. The action was brought to secure an injunction, restraining and enjoining said defendant from instituting criminal prosecutions against persons who may sell a certain proprietary medicine manufactured by plaintiff; it being claimed by the defendant that said medicine is an intoxicating liquor as the same is defined by our statute. The gist of plaintiff's cause of action is stated in his complaint as follows:

"That the plaintiff is and for many years has been the owner of a certain registered proprietary medicine known as "Triner's American Elixer of Bitter Wine;" that it is and for many years has been engaged in the business of manufacturing and selling such medicine, at wholesale, throughout the United States and in foreign countries; that there is a large demand for such medicine in the state of South Dakota; that it has large sums of money invested in its said business and will derive large profits from the sale of such medicine in the state of South Dakota if permitted to sell therein; and that it desires and intends, if permitted so to do, to continue the sale of such medicine in said state.

"That said medicine is a bona fide medicinal preparation or compound containing no more alcohol than is necessary for the extraction and preservation of the medicinal ingredients con-

tained therein, and that such preparation or compound is unsuitable for use as a beverage.

"That said preparation or compound contains valuable medicinal properties, and it is the desire and purpose of the plaintiff to sell the same in South Dakota for use as a medicine and not otherwise.

"That the defendant J. C. Shanks, as state sheriff, in excess of his authority as such officer and in direct violation of the laws of the state of South Dakota, has heretofore sent a notice to the state's attorneys, sheriffs and police officers of said state that the sale of plaintiff's said proprietary medicine within the state of South Dakota is strictly prohibited, will be prosecuted, and asking the co-operation of the officers to whom such notice is addressed to the effect that the law may be strictly enforced; that said defendant, in excess of his authority as state sheriff and in direct violation of the laws of South Dakota, has refused and continues to refuse to withdraw said notice, though repeatedly requested so to do; that he threatens to and, unless restrained by the process of this court, will carry out his said unauthorized and unlawful purpose of prohibiting the sale of plaintiff's said preparation or compound for use as a medicine within the state of South Dakota; and that, unless restrained by the process of this court, the other defendants will co-operate with the said state sheriff in unlawfully prosecuting persons who sell plaintiff's said preparation within the state of South Dakota for use as a medicine, notwithstanding the sale of said preparation for such purpose is expressly permitted and authorized by the laws of said state.

"That said unauthorized and unlawful threatened prosecutions, if not prevented by the process of this court, will cause a multiplicity of judicial proceedings; will cause great injury and loss to the plaintiff for which it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief; and that the plaintiff has no adequate remedy by any action or proceeding at law to protect its rights in the premises."

To this complaint, the Attorney General interposed a demurrer on the grounds: First that the court was without jurisdiction of the subject-matter of the action; and, second, upon the ground that the complaint does not state facts sufficient to consti-

tute a cause of action.    The circuit court overruled the demurrer and the defendant appeals to this court.

It is the contention of the defendant that the said proprietary medicine known as "Triner's American Elixer of Bitter Wine" is an intoxicating liquor as the same is defined by section 10237, Rev. Code 1919, and by their demurrer defendants admit that the state sheriff has directed the various subordinate peace officers throughout the state to arrest and prosecute any persons who may be found selling the said medicine.    Section 10237, Rev. Code, 1919, reads as follows:

*"Intoxicating Liquors Defined.*—The term 'intoxicating liquors' wherever used in this article shall be construed to include whiskey, alcohol, brandy, gin, rum, wine, ale, beer, absinthe, cordials, hard or fermented cider, tincture or essence of ginger and all distilled, spirituous, vinous, malt, brewed and fermented liquors, and every other liquid, liquid mixture or compound containing alcohol, which mixture or compound is capable of being used as a beverage, whether or not the same is proprietary, medicated or patented."

It is conceded that said medicine contains alcohol, and it is not alleged that it is incapable of being used as a beverage; therefore, so far as this section of the statute is concerned, the said proprietary medicine is within the definition of intoxicating liquor.    But under the admissions by the demurrer of the allegations in the complaint, said medicine, plaintiff contends, comes within the provisions of section 10328, Rev. Code, and is absolutely excepted out of the statutes forbidding the manufacture and sale of intoxicating liquors.    We are therefore, in this case, confronted with an admission by the defendants that the acts sought to be prevented do not constitute a crime under any statute of this state, and that the threatened prosecution will result in damage that can be computed only with great difficulty, if at all.

Section 10328 reads as follows:

"Nothing in this article shall be construed or shall operate to prohibit or regulate the manufacture, importation, sale or keeping for sale for other than beverage purposes, by any person, partnership or corporation, of any bona fide medicines, toilet articles, extracts, tinctures, preparations or similar compounds containing alcohol; provided, that such medicines, toilet articles, extracts,

tinctures, preparations or similar compounds are unsuitable for use as a beverage."

[1, 2]  The validity of the law and the provisions thereof, under which the state sheriff is threatening to proceed, is not questioned.  Do the facts alleged in the complaint and admitted by the demurrer entitle the plaintiff to injunctional relief?  The demurrer admits that the "said medicine is a bona fide medicinal preparation or compound containing no more alcohol than is necessary for the extraction and preservation of the medicinal properties contained therein, and that such preparation or compound is unsuitable for use as a beverage. * * * That plaintiff manufactures and sells the same for use as a medicine and not otherwise."  There is no question but that, under the allegations of the complaint, Triner's Elixer is an intoxicating liquor.  It comes within the clause "proprietary, manufactured or patented," and is a liquid mixture containing alcohol, and is capable of being used as a beverage.  But while Triner's Elixer is an intoxicating liquor, section 10328 excepts it from the operation of the prohibition statute when the sale is for nonbeverage purposes, unless the Legislature intended the clause "unsuitable for use as a beverage" to mean the same as the negative of "capable of being used as a beverage," found in section 10327.  By the common use of terms a thing may be "unsuitable" for use as a beverage, and still "capable" of use as a beverage, while if it is incapable of use as a beverage it is certainly unsuitable for such use.  We are of the opinion that the Legislature intended the word "unsuitable," in said section 10328, to have its usual and ordinary meaning, and that therefore, while Triner's Elixer is an intoxicating liquor, still, where it is manufactured, imported, sold, or kept for sale for other than beverage purposes, it is excepted from the operation of the prohibition law.  The allegations of the complaint admitted by the demurrer bring this case within the exception in section 10328, and no question is presented upon this appeal as to how far and when public officers may be prevented by injunction from proceeding to prosecute criminal actions.

[3]  It being admitted by the demurrer that the manufacture, sale, or keeping for sale of Triner's Elixer is not an unlawful or criminal act, the state sheriff is without any justification whatever for acts which constitute a wrongful interference with

and an irreparable injury to plaintiff's business.   The primary purpose of the action therefore is, not to enjoin criminal prosecutions, but is for the protection of plaintiff's property rights from irreparable injury through threatened wrongful acts of a public officer.

The prevention of such injury by injunction is within the well-recognized jurisdiction of courts of equity.

The demurrer was properly overruled, and the order appealed from is affirmed.

McCOY, J., took no part in this decision.

WHITING, J. (concurring specially.)   I concur in result. As the record stands, defendants threaten to bring criminal prosecution where, under the admitted facts, there is no statute authorizing same.   Defendants misconstrue the word "unsuitable" as used in section 10328.   As to what is the proper construction of this word presented a question of law which the trial court had a right to determine.   It does not follow that, if defendants had, by answer, raised an issue of fact as to whether the alleged medicine was "unsuitable for use as a beverage," the trial court could rightfully have proceeded to the trial of such issue.   I am clear that, if such issue had been raised, the trial court would have been bound to dismiss the action.